**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**J. RICHARD MOORE**
**CAROL A. DILLON**
Bleeke Dillon Crandall, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
SAMANTHA MEEKS FAMILY
PRACTICE, INC., and SAMANTHA MEEKS:

**JENNIFER L. BLACKWELL**
Goodin Orzeske & Blackwell, P.C.
Indianapolis, Indiana

FILED

Aug 27 2014, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and MARKEL CORPORATION, | ) ) ) |
| Appellants-Plaintiffs/ Counterclaim Defendants, | ) ) ) |
| vs. | ) ) No. 33A01-1401-PL-32 |
| SAMANTHA MEEKS FAMILY PRACTICE, INC., SAMANTHA MEEKS, | ) ) ) |
| Appellees-Defendants/Counterclaimants, | ) ) |
| and | ) ) |
| GEORGE EDWIN GRANT, Individually and as Personal Representative of the ESTATE OF ANGELA DIANE GRANT, | ) ) ) ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1206-PL-34

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Nurse practitioner Samantha Meeks obtained a series of three professional liability insurance policies for her family practice from Evanston Insurance Company ("Evanston") that provided coverage for claims made during the policy period. Meeks financed the premium for the third policy through First Insurance Funding Corp. ("First"). Meeks signed a financing agreement, which incorrectly listed her address and provided that First could cancel the policy under a power of attorney if she failed to make a payment. Meeks made only two of the ten required monthly payments to First. Two months after the second payment, an insurance wholesaler forwarded to Evanston a notice of cancellation of insurance coverage from First on Meeks's behalf. The notice listed Meeks's prior policy number and incorrect address but listed the correct effective date of the policy. Pursuant to the notice, Evanston cancelled Meeks's current policy. First sent Meeks a notice of cancellation, but it was mailed to the incorrect address listed on the finance agreement, and Meeks never received it.

More than ten months after the policy period ended, a proposed professional negligence complaint against Meeks was filed with the Indiana Department of Insurance. Meeks sought a legal defense and indemnity from Evanston. Evanston denied coverage and filed a declaratory judgment action seeking a determination of no coverage. Meeks and her

practice filed a counterclaim against Evanston and Markel Corporation ("Markel"), Evanston's corporate parent, seeking a determination that Evanston owed a duty to defend and indemnify them against the negligence claim. The parties filed cross-motions for summary judgment, and the trial court ruled against Evanston and Markel and in favor of Meeks and her practice, finding that the policy was in effect when the claim was made.

On appeal, Evanston and Markel ("Appellants") contend that the trial court erred in denying their summary judgment motion, asserting that Meeks and her practice ("Appellees") are not entitled to coverage because the claim was filed after the policy period ended. Appellees argue that they are entitled to summary judgment for three reasons: (1) because the policy was not properly cancelled; (2) because Appellants did not give Meeks a notice of renewal; and (3) because Appellants improperly refused to offer Meeks extended coverage. We conclude that Appellees are not entitled to summary judgment because: (1) Evanston was not a party to the finance agreement, and therefore any dispute regarding the propriety of the policy cancellation is between Meeks and First; (2) Appellants were not required to give Meeks a notice of renewal; and (3) Appellants did not refuse to offer Meeks extended coverage. Because it is undisputed that the claim was filed after the policy period ended, we conclude that Appellants are entitled to summary judgment. Therefore, we reverse and remand with instructions to deny Appellees' summary judgment motion and grant Appellants' summary judgment motion.

**Facts and Procedural History**

The relevant facts are undisputed. Meeks is a nurse practitioner who owns and operates Samantha Meeks Family Practice, Inc. ("SMFP"), located at 3221 S. Memorial Drive in New Castle. Meeks obtained professional liability coverage through Diederich Insurance Agency ("Diederich"). Beginning in November 2007, SMFP and Meeks were insured under a series of three policies issued by Evanston. All three policies were "claims made" policies.[1]

The policy period of the third policy ("the Policy"), which is the subject of this dispute, was from November 26, 2009, to November 26, 2010. The Policy number was SM-869402, and coverage was retroactive to November 28, 2007. The Policy listed SMFP as the named insured, correctly showed SMFP's address as 3221 S. Memorial Drive, and read in pertinent part as follows:

> **Claims Made Coverage:** The coverage afforded by this policy is limited to liability for only those Claims that are first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised, and reported in writing to the Company pursuant to the terms herein.
>
> ….
>
> **EXTENDED REPORTING PERIOD**
>
> A.     If the Named Insured nonrenews this policy or cancels this policy … or if the Company nonrenews this policy or cancels this policy … for reasons other than nonpayment of premium or Deductible or non-

---

[1] As we explained in *Paint Shuttle, Inc. v. Continental Casualty Co.*, "[a] 'claims made' policy links coverage to the claim and notice rather than the injury. Thus, a 'claims made' policy protects the holder only against claims made during the life of the policy." 733 N.E.2d 513, 522 (Ind. Ct. App. 2000) (citation omitted), *trans. denied* (2001). By contrast, "occurrence" policies "link coverage to the date of the tort rather than of the suit. Thus, 'occurrence' policies protect the policyholder from liability for any act done while the policy is in effect." *Id*. (citation omitted).

compliance with the terms and conditions of this policy, then the Named Insured shall have the right upon payment of an additional premium … to extend the coverage granted under this policy ….

B.  As a condition precedent to the right to purchase the Extended Reporting Period, the Named Insured must have paid: (1) all Deductibles when due; (2) all premiums due for the Policy Period; and (3) all premium [sic] due on any other policy(ies) issued by the Company or any of its affiliated companies in an uninterrupted series of policies of which this policy is a renewal or replacement must have been paid.

The right to purchase the Extended Reporting Period shall terminate unless a written notice … is received by the Company within thirty (30) days after the effective date of cancellation or nonrenewal together with payment of the additional deposit premium for the Extended Reporting Period. If such written notice of election and payment of additional premium are not so received by the Company, there shall be no right to purchase the Extended Reporting Period at a later date.

….

**OTHER CONDITIONS**

A.  **Cancellation:** This policy may be cancelled by the Named Insured on behalf of all insureds by mailing to the Company written notice as stated in Item 13. of the Declarations[2] stating when thereafter such cancellation shall be effective. If cancelled by the Named Insured, the earned premium shall be computed at the customary short rate. Payment or tender of unearned premium shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable.

This policy may be cancelled by the Company or by its underwriting manager, on behalf of the Company, by mailing to the Named Insured, at the address stated in Item 2. of the Declarations, written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. However, if the policy is cancelled because the Named Insured has failed to pay a premium or Deductible when due,

---

2  Item 13 provided that nonclaim notices "shall be addressed to" Markel Midwest at Ten Parkway North in Deerfield, Illinois. Appellants' App. at 25. No email address was given.

including premium due on any other policy(ies) issued by the Company or any of its affiliated companies in an uninterrupted series of policies of which this policy is a renewal or replacement, this policy may be cancelled by the Company or by its underwriting manager, on behalf of the Company, by mailing a written notice of cancellation to the Named Insured stating when, not less than ten (10) days thereafter, such cancellation shall be effective.

Appellants' App. at 24, 37-38.

Meeks financed the Policy's premium through First. In December 2009, Meeks and Diederich's president/CEO signed a finance agreement, which incorrectly listed SMFP's address as 3222 S. Memorial Drive. The agreement recorded a cash down payment and an unpaid premium balance, which was to be paid in ten monthly installments of $515.29. The agreement stated in pertinent part,

> **RIGHT TO CANCEL.** If insured does not make a payment when it is due, or if insured is otherwise in default under this agreement, [First] may cancel the policies and act in insured's place with regard to the policies, including endorsing any check or draft issued in the insured's name for funds assigned to [First] as security herein. This right given by insured to [First] constitutes a "Power of Attorney". Before [First] cancels the policies, [First] will provide notice to the insured, as required by law. Insured agrees that this right to cancel which insured has granted to [First] cannot be revoked, and that [First's] right to cancel will terminate only after all of insured's indebtedness under this agreement is paid in full.

*Id*. at 45.

First's payment records indicate that Meeks made payments of $541.05 in January and February of 2010 but no payments thereafter. *Id*. at 63. The record reflects that the payments included Meeks's monthly obligation of $515.29 plus a late charge of $25.76. *Id*. at 63. The $541.05 figure corresponds with past-due amounts printed on three "notice of intent to cancel" forms from First addressed to Meeks at 3222 S. Memorial Drive, *id*. at 71-73, which

6

indicates that Meeks either received those forms in the mail despite the incorrect address or was otherwise informed about the proper payment amount. Meeks's February check is in the record before us and bears SMFP's correct address, i.e., 3221 S. Memorial Drive. *Id*. at 55.

On April 8, 2010, insurance wholesaler AVRECO forwarded to Evanston via email a notice of cancellation of insurance coverage from First on Meeks's behalf. The notice states that the cancellation was effective March 22, 2010, as to policy number SM-862088 with an effective date of November 26, 2009. *Id*. at 75. (SM-862088 was the number of Meeks's prior policy with Evanston, effective November 26, 2008, to November 26, 2009.) The notice also bears Evanston's name and address,[3] Diederich's name and address, and Meeks's name and incorrect address, i.e., 3222 S. Memorial Drive. The notice further states,

**To the Insurance Company:**

The insurance policy identified in this notice … is hereby cancelled in accordance with … the insured's premium finance agreement (the "Agreement".) The Agreement, which was signed by or on behalf of the insured, granted to [First] a power of attorney to issue this notice and assigned to [First] the gross unearned premium on the Policy.

*Id*. Pursuant to the notice, Evanston considered the Policy cancelled effective March 22, 2010, and issued an unearned premium refund, presumably to First. First mailed a cancellation notice to Meeks at 3222 S. Memorial Drive, and she never received it.

On October 6, 2011, George Edwin Grant, individually and as the personal representative of the estate of Angela Diane Grant, filed a proposed complaint with the Indiana Department of Insurance alleging professional negligence associated with Meeks's

---

[3] Evanston's address is listed as Ten Parkway North in Deerfield, Illinois.

treatment of Angela.  Appellees sought a legal defense and indemnity against George's claim under the Policy.  Evanston denied coverage and filed a complaint for declaratory judgment against Appellees and George, seeking a determination of no coverage.  Appellees filed a counterclaim against Evanston and Markel, Evanston's corporate parent, seeking a determination that Evanston owed a duty to defend and indemnify them against the claim.  Appellants and Appellees filed cross-motions for summary judgment.  The trial court issued an order denying Appellants' summary judgment motion, and they filed a motion for clarification.  After a hearing, the trial court issued an order denying Appellants' summary judgment motion and granting Appellees' summary judgment motion, summarily finding that the Policy "was in full force and effect" when George filed his claim.  *Id*. at 8.  This appeal ensued.

### Discussion and Decision

Appellants contend that the trial court erred in denying their summary judgment motion and granting Appellees' summary judgment motion.  "The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law." *Adkins v. Vigilant Ins. Co.*, 927 N.E.2d 385, 388 (Ind. Ct. App. 2010), *trans. denied*.  "Summary judgment is appropriate only where the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Town of Newburgh v. Town of Chandler*, 999 N.E.2d 1015, 1017 (Ind. Ct. App. 2013), *trans. denied* (2014).

> All designated evidence must be construed liberally and any doubt resolved in favor of the non-moving party.  Summary judgment is inappropriate where

8

material facts conflict or undisputed facts lead to conflicting material inferences.…

On appeal, we review a summary judgment order de novo and must determine whether the designated evidence before the trial court presents a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Although the nonmoving party has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied its day in court. We may not reverse the entry of summary judgment on the ground that a genuine issue of material fact exists unless the material fact and the evidence relevant thereto were designated specifically to the trial court. Furthermore, we will sustain the trial court's decision to grant a motion for summary judgment if it is sustainable by any theory or basis found in the record.

*Adkins*, 927 N.E.2d at 388-89 (citations omitted). "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

Appellants contend that Appellees are not entitled to coverage under the Policy because George's claim was made over ten months after the policy period ended. They further contend that,

[w]hile there may be issues of fact surrounding whether Ms. Meeks received inadequate notice of cancellation of the Policy by [First] on March 22, 2010, those issues are not material to the question of law at issue in this case. There is no dispute that the Grant claim was made well after the policy period ended.

Appellants' Br. at 9-10.

Appellees assert that the issue "is not as simple a matter" as Appellants suggest, for three reasons: (1) because the Policy "was not properly cancelled"; (2) because Appellants "denied Meeks a notice of renewal"; and (3) because Appellants "improperly refused to offer

tail [i.e., extended] coverage." Appellees' Br. at 5, 8, 9. As for reason (1), First cancelled the Policy on Meeks's behalf as her attorney-in-fact pursuant to their finance agreement after she failed to make payments. Appellants point out that Evanston was not a party to the finance agreement, and we agree with their contention that any dispute regarding the propriety of the cancellation is between Meeks and First. *Cf. Holland v. Sterling Cas. Ins. Co.*, 30 Cal. Rptr. 2d 809, 811-12 (Cal. Ct. App. 1994) ("The pre-cancellation notices [from the premium financing lender] to insurer and insured serve different functions. Notice to the insurer is for the benefit of the insurer so that the insurer does not pay out on a post-cancellation loss. Obviously, notice to the insured is for the insured's benefit, so that it can cure its defaults. If the lender does not send the pre-cancellation notice to the insured, it must be the lender who is responsible to the insured, not the insurer.") (citations omitted).

Appellees' numerous grounds for asserting that Evanston is legally responsible for the Policy not being "properly cancelled" are unpersuasive and unsupported by the record or any citation to legal authority. For example, Appellees state, "The cancellation notice purportedly mailed by First to Meeks contains the wrong address." Appellees' Br. at 5. This was not Evanston's fault. Appellees further state that the cancellation notice "purports to cancel Policy No. SM-862088; the policy is number SM-869402." *Id.* Notwithstanding this error, which also was not Evanston's fault, Evanston cancelled the policy that was the subject of Meeks's finance agreement with First. Appellees also claim that "the condition precedent to cancellation is the insured failing to make a payment when it was due. First was not properly billing Meeks for these payments. Since she was not billed, no amount was due."

10

*Id.* at 6. Appellees cite no authority for this statement, and any improper billing by First was not Evanston's fault. Meeks made two consecutive monthly payments (including late charges) to First, which indicates her awareness of her obligations under the finance agreement despite any billing errors. Likewise, Appellees cite no authority for their assertion that Appellants had a duty to notify Meeks about First's cancellation notice because it "contained the incorrect address for Meeks and the incorrect policy number." *Id.* Finally, Appellees contend that the Policy required Evanston to mail a written notice of cancellation to Meeks. Appellants point out that such notice was required only if Evanston initiated the Policy cancellation, which did not happen here. Instead, First initiated the cancellation. To the extent that First may not have strictly complied with the cancellation provisions of the Policy, we note that Meeks cites no authority for the proposition that she has standing to challenge Evanston's acceptance of First's cancellation.

As for reasons (2) and (3), Evanston had no duty to send Meeks a notice of renewal, and Evanston did not refuse to offer Meeks extended coverage. Appellees' argument that Meeks would have renewed the Policy or purchased extended coverage is based on the faulty premise that Evanston was required to notify her that the Policy was cancelled, as well as on portions of Meeks's deposition that were not designated to the trial court. As indicated by

the Policy language excerpted above, Evanston was required to notify Meeks only if it initiated the cancellation; here, First initiated the cancellation on Meeks's behalf.[4]

In sum, we conclude that the issue is indeed as simple as Appellants suggest; because George's claim was made after the policy period ended, Appellees are not entitled to coverage under the Policy. Therefore, we reverse and remand with instructions to deny Appellees' summary judgment motion and grant Appellants' summary judgment motion.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.

---

[4] Appellees make a passing reference to Indiana Code Section 34-18-13-4(2) in the summary of argument section of their brief but do not mention it in the argument section. As such, any argument as to its applicability is waived. *See Martin v. State*, 636 N.E.2d 1268, 1270 n.2 (Ind. Ct. App. 1994) (finding issue waived where appellant raised it in summary of argument section of brief but did not address it in argument section).